### COMMONWEALTH *vs.* PHILUS ROY.

Bristol.    Oct. 27, 1885. — Jan. 7, 1886.    FIELD & C. ALLEN, JJ., absent.

An ordinance of a city, prohibiting the riding or driving of any horse in its streets "at an immoderate gait, so as to endanger or expose to injury any person" thereon, is not authorized by the Pub. Sts. c. 53, § 13.

COMPLAINT for a violation of an ordinance of the city of New Bedford. At the trial in the Superior Court, before *Mason,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions. The facts appear in the opinion.

*T. F. Desmond,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

W. ALLEN, J.   The Pub. Sts. *c.* 53, § 13, provide that "a city or town may by ordinance or by-law prohibit persons from riding or driving beasts of burden, carriage, or draught, upon any of the streets or ways for public travel therein at a rate of speed which it deems inconsistent with the public safety or convenience, under such penalties as it may impose for breaches of other ordinances or by-laws." The complaint charges a violation of an ordinance of the city of New Bedford, which provides that "no person shall ride any horse, or drive any horse or horses attached to any carriage of any description, either of burden or pleasure, or cause the same to be rode or driven, in any street, lane, or alley, or over any bridge, in the city, at an immoderate gait, so as to endanger or expose to injury any person standing, walking, or riding in or on the same." The defendant moved to quash the complaint, for the reason that the ordinance was not authorized by the statute; which motion was overruled.

The statute authorizes a city to prohibit persons, under a penalty, from riding or driving in its streets faster than a specified rate of speed fixed by the city. Perhaps, under this statute, a city might prohibit driving at a particular gait, as at a trot or gallop, as in *Commonwealth* v. *Worcester*, 3 Pick. 462; but it clearly does not authorize the imposition of a penalty for driving at a rate of speed or at a gait that shall be found, upon inquiry into the circumstances, to have been immoderate, so as to have exposed persons to injury. The intention of the Legislature was that the city should determine what act should be unlawful, not that it should annex a penalty to an act otherwise unlawful. The latter would partake rather of the character of a law, than of a by-law or city ordinance.

We think that the statute was intended to prescribe the manner in which towns and cities can prohibit, under penalties, fast driving in their streets; and that no authority for the ordinance in question can be drawn from the Pub. Sts. *c.* 27, § 15, authorizing towns to make by-laws for the purpose of maintaining the internal police thereof.          *Exceptions sustained.*